1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

JAVIER MENDEZ VELAZQUEZ a/k/a
GILBERTO BENITEZ,

                                    Plaintiff,

        vs.


DEA HEADQUARTERS UNIT (SARO);
U.S. DEPARTMENT OF JUSTICE,


                                    Defendants.

CASE NO. 11-CV-820 JLS (NLS)

**ORDER: (1) GRANTING MOTION
TO PROCEED IFP; (2) DENYING
MOTION TO DIRECT SERVICE
AS MOOT**

(ECF Nos, 2, 6)

    Javier Mendez Velazquez ("Petitioner"), a state prisoner incarcerated at the Soledad
Correctional Facility and proceeding pro se, has filed a Petition for "Writ of Mandate and
Declaratory Relief" against various government entities, alleging violations of his rights under the
Freedom of Information/Privacy Act ("FOIA").  (Petition, ECF No. 1.)  Petitioner also filed a
motion for leave to proceed in forma pauperis ("IFP") (IFP Mot., ECF No. 2) and a motion for the
Court to direct U.S. Marshal service without the prepayment of costs, which is essentially a
duplicative IFP motion (ECF No. 6).  For the following reasons, the Court **GRANTS** Petitioner's
motion to proceed IFP and **DENIES AS MOOT** Petitioner's motion to direct service.

**MOTION TO PROCEED IFP**

1

2      All parties instituting any civil action, suit, or proceeding in a district court of the United

3 States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28

4 U.S.C. § 1914(a).  An action may proceed despite a party's failure to prepay the entire fee only

5 if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*,

6 169 F.3d 1176, 1177 (9th Cir. 1999).  A federal court may authorize the commencement of an

7 action without the prepayment of fees if the party submits an affidavit, including a statement of

8 assets, showing that he is unable to pay the required filing fee.  28 U.S.C. § 1915(a).   However,

9 prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments,

10 regardless of whether their action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) and (2);

11 *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

12      Section 1915, as amended by the Prison Litigation Reform Act ("PLRA"), further requires

13 that each prisoner seeking leave to proceed IFP submit a "certified copy of [his] trust fund account

14 statement (or institutional equivalent) . . . for the six-month period immediately preceding the

15 filing of the complaint." 28 U.S.C. § 1915(a)(2). Using these certified trust account statements, the

16 Court must assess an initial payment of 20% of (a) the average monthly deposit, or (b) the

17 average monthly balance in the account for the past six months, whichever is greater, and

18 collect that amount as the prisoner's initial partial filing fee, unless he has no current assets with

19 which to pay.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4); *Taylor*, 281 F.3d at 850.

20 Thereafter, the institution having custody of the prisoner must collect subsequent payments,

21 assessed at 20% of the preceding month's income, in any month in which his account exceeds

22 $10, and forward those payments to the Court until the entire filing fee is paid.  *See* 28

23 U.S.C. § 1915(b)(2); *Taylor*, 281 F.3d at 847.

24      The Court finds that Petitioner has submitted an affidavit that complies with 28

25 U.S.C. § 1915(a)(1), as well as a certified copy of his prison trust account statement pursuant to 28

26 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2.  (IFP Mot.)  Petitioner's trust account currently

27 indicates that he has insufficient funds from which to pay an initial partial filing fee.  (*Id.* at 3-4.)

28 Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP, and assesses no initial partial

filing fee at this time. See 28 U.S.C. § 1915(b)(1) (court shall assess initial partial filing fee only "when funds exist"); 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered"). However, Petitioner is required to pay the full $350 filing fee mandated by 28 U.S.C. §§ 1914(a) and 1915(b)(1), by subjecting any future funds credited to his prison trust account to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

**INITIAL SCREENING**

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and shall order the sua sponte dismissal of any case it finds "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122,1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires"the court to sua sponte dismiss an IFP complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See id.* at 1127; *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In

1    addition, the Court has a duty to liberally construe a pro se plaintiff's pleadings, *see*

2    *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly

3    important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving

4    liberal interpretation to a pro se litigant's complaint, however, the court may not "supply essential

5    elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*,

6    673 F.2d 266, 268 (9th Cir. 1982).

7        In this action, Petitioner challenges that the "DEA Headquarters Operation Unit (SARO)"

8    and Katherine L. Myrick, the Chief of the DEA Records Management Section, failed to comply

9    with his request for a verified copy of a "Laboratory Analysis Comparison Report" ("Report")

10   pursuant to FOIA, citing 5 U.S.C. § 552.  (Petition 1-2.)  Petitioner alleges that he has requested

11   copies of this Report several times, beginning with a letter dated July 22, 2009.  (*Id*. 2-3; Ex. A.)

12   In that letter, addressed to "Laboratory Director," Petitioner states his request to "get a copy of the

13   test results for my case," signed by Patricia A. Brown for lab test No. 98396, in order to show that

14   "the alleged marijuana I was arrested for tested positive for Delta 9 THC." (*Id.*)  Petitioner stated

15   he was willing to pay for the cost of obtaining the report.  (*Id.*)

16       Petitioner received an initial response "from the U.S. Department of Justice" (DOJ) in a

17   letter dated October 28, 2009, signed by Myrick, which stated that his request to access DEA

18   records had been opened, providing a case number.  (Petition Ex. B.)  The letter also stated it

19   "confirms [Petitioner's] obligation that by filing [his] request, [he has] agreed to pay all

20   applicable fees charged under 28 C.F.R. § 16.11, up to $25.00."  (Petition Ex. B.)  However,

21   Petitioner claims this was the first and last communication he received in response to his

22   request for information.  (Petition 3.)  Several further attempts to contact Myrick, including to

23   inform her of his change of address and to clarify the information requested, apparently received

24   no response.  (Petition 2-3.)  Petitioner states it has been "more than 20 months since [he] made

25   his initial request" and more than 17 months since he received any response from the agency.

26   (Petition 4.)  As relief, Petitioner requests the Court issue a writ of mandate to compel the

27   government to provide these records pursuant to FOIA, to explain why the agency has taken so

28   long to comply, and to ensure the correct records have been provided. (Petition 3, 6.)

1    The civil cover sheet attached to the Petition indicates it is filed under the All Writs Act, 28

2    U.S.C. § 1651, which provides that "[t]he Supreme Court and all courts established by Act of

3    Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and

4    agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The All Writs Act does not

5    confer original jurisdiction on federal courts, but may be invoked only to aid already existing

6    jurisdiction. 28 U.S.C. § 1651(a). In the event that jurisdiction is properly pled, "injunctive relief

7    under the All Writs Act is to be used sparingly and only in the most critical and exigent

8    circumstances." *Brown v. Gilmore*, 533 U.S. 1301 (2001) (internal quotations and citations

9    omitted.) "Such an injunction is appropriate only if the legal rights at issue are indisputably

10   clear." *Id.* (internal quotations and citations omitted.)

11   Federal courts have jurisdiction under FOIA "to enjoin the agency from withholding

12   agency records and to order the production of any agency records improperly withheld from the

13   complainant" upon a complaint under the statute. 5 U.S.C. § 552(a)(4)(B). Here, having

14   conducted an initial screen of the Petition, construing it liberally, the Court finds that Petitioner's

15   claims are sufficiently pleaded to survive the sua sponte screening requirement of 28

16   U.S.C. § 1915(e)(2).

17   Accordingly, Petitioner is entitled to U.S. Marshal service on his behalf. *See Lopez v.*

18   *Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc); 28 U.S.C. § 1915(d) ("The officers of

19   the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P.

20   4(c)(3) (courts must "order that service be made by a United States marshal or deputy marshal . . .

21   if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915."). Petitioner is

22   cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, not a

23   substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring."

24   *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

25                                        **CONCLUSION**

26   Good cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

27       1. Petitioner's motion to proceed IFP (ECF No. 2) is **GRANTED**;

28       2. Petitioner's motion to direct service (ECF No. 6) is **DENIED AS MOOT**;

3.  The Secretary of California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Petitioner's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §  1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283–0001.

**IT IS FURTHER ORDERED THAT:**

4.  The Clerk shall issue a summons as to the Petition (ECF No. 1) upon Defendants and shall forward it to Petitioner along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Petitioner with a certified copy of this Order and a certified copy of his Complaint and the summons. Upon receipt of this "IFP Package," Petitioner is directed to complete the forms as completely and accurately as possible, and to return them to the U.S. Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the Complaint and summons upon Defendants as directed by Petitioner on the forms. All costs of service shall be advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

5.  Defendants shall reply to the Petition within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).  Petitioner shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Petitioner shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on the Defendants or counsel of Defendants and

//

//

the date of service.  Any paper received by a district judge or magistrate judge which has not been

filed with the Clerk or which fails to include a Certificate of Service may be disregarded.

**IT IS SO ORDERED.**

DATED:  February 16, 2012

_Janis L. Sammartino_

Honorable Janis L. Sammartino
United States District Judge

11cv820