```
                                            FILED
                                       12 MAY 22  PM 4:14
                                                       DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER MENDEZ VELAZQUEZ a/k/a GILBERTO BENITEZ,<br><br>Plaintiff,<br><br>vs.<br><br>DEA HEADQUARTERS UNIT (SARO); U.S. DEPARTMENT OF JUSTICE,<br><br>Defendants. | CASE NO. 11-CV-820 JLS (NLS)<br><br>**ORDER: (1) DENYING REQUEST FOR CLERK'S ENTRY OF DEFAULT; AND (2) GRANTING EXTENSION OF TIME TO PERFECT SERVICE** |

Javier Mendez Velazquez, also known as Gilberto Benitez ("Velazquez"), a state prisoner incarcerated at the Soledad Correctional Facility and proceeding pro se, has requested a Clerk's entry of default against Defendants. (Mot. for Default, ECF No. 19.) In the underlying action, Velazquez seeks a "Writ of Mandate and Declaratory Relief" against various government entities for violations of the Freedom of Information/Privacy Act ("FOIA"). (ECF No. 1.) The Court previously granted Velazquez's motion to proceed in forma pauperis ("IFP"). (*See* Feb. 16, 2012 Order, ECF No. 7.) By that Order, Velazquez was sent an "IFP Package" and directed to complete the enclosed U.S. Marshal Form 285 for each Defendant to be served and return these forms to the U.S. Marshal. Upon receipt, the Marshal was instructed to serve a copy of the Complaint and summons upon Defendants as indicated by Velazquez on those forms.

It appears from the docket that Velazquez completed and returned forms to the Marshal for service of four Defendants: U.S. Department of Justice, Records Unit (SARO), DEA Headquarters Unit (SARO), and Katherine L. Myrick, Chief of Operations of Records Unit (SARO). (*See* Summonses Returned Executed, ECF Nos. 11-14.) The address Velazquez listed for service of each Defendant is identical: 8701 Morrissette Drive, Springfield, Virginia, 22152. (*Id.*) This service was completed by the Marshal on March 9, 2012. As of the date of this Order, none of the named Defendants has filed a responsive pleading or otherwise appeared to defend this action. On May 17, 2012, Velazquez filed a request for Clerk's entry of default against Defendants for failure to plead or otherwise defend within 60 days. (Mot. for Default 4); *see also* Fed. R. Civ. P. 12(a)(2), 55(a). For the reasons set forth below, the Court finds that Velazquez's motion should be denied without prejudice.

Crucially, Velazquez must show that his service of Defendants was sufficient before the entry of default is proper. *See Bricklayers & Allied Craftworkers Local Union No. 3 v. Palomino*, 2010 WL 2219595, at *3 (N.D. Cal. June 2, 2010) ("Where the party seeking default judgment has not shown that the defendant has been provided with adequate notice of an action, it is inappropriate to conclude that the defendant has failed to plead or otherwise defend under Fed. R. Civ. P. 55(a).") Service upon the United States and its agencies or officers, such as the Drug Enforcement Agency ("DEA"), must be performed according to the specific provisions of Federal Rule of Civil Procedure 4(i). Among other requirements, Rule 4(i) provides that a party serving a federal agency must serve the agency itself, as well as the U.S. attorney for the district where the action is brought and the Attorney General of the United States at Washington, D.C. Rule 4(i) similarly mandates the proper method of service of the United States itself as well as of an officer sued in an official and/or individual capacity. From the record before the Court, it is clear such service has not been effected properly. At the very least, there is no indication that Velazquez directed service of the U.S. Attorney's Office for the Southern District of California. Further, Velazquez has not shown he has served each agency and officer he seeks to sue at their respective valid and correct address. Accordingly, the Court finds that service of the summons and Complaint has not been completed.

The Court must allow a party reasonable time to cure its failure to serve under Rule 4(i) in two circumstances. First, if a party failed to serve a party required to be served under Rule 4(i)(2), such as a federal agency or official sued in an official capacity, the party may attempt to cure the failure if he has served either the U.S. attorney or the Attorney General. Fed. R. Civ. P. 4(i)(4)(A). Second, if a party failed to serve the United States in attempting to serve a federal officer in an individual capacity as required by Rule 4(i)(3), the party may attempt to cure the failure if he has served the officer. Fed. R. Civ. P. 4(i)(4)(B). Here, Velazquez has not properly served either the appropriate U.S. attorney or the Attorney General in Washington, D.C., at least one of which is required under both provisions described above. Velazquez may have been attempting to serve the Attorney General by directing the Marshal to serve the "U.S. Department of Justice," but he listed the incorrect address for such service.[1]

However, in addition to Rule 4(i)(4), Rule 4(m) requires the Court to extend the time for service for an appropriate period if the plaintiff shows "good cause" for the failure. Good cause may not be satisfied by "inadvertent error or ignorance of the governing rules," and is generally applicable "only in limited circumstances." *Hamilton v. Endell*, 981 F.3d 1062, 1065 (9th Cir. 1992). And a plaintiff's pro se status does not in itself constitute good cause to excuse defective service. *See Dietzmann v. Baca*, 2009 WL 2898811, at *2 (C.D. Cal. Sept. 4, 2009) (citing *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990)).

But here, the Court finds good cause exists to allow Velazquez the opportunity to cure the defects in service. Velazquez has at least attempted to properly serve these federal Defendants, for which he must comply with the relatively complex requirements of Rule 4(i). Further, it appears from the docket that the U.S. Attorney's Office for the Southern District of California, Civil Division, has received actual notice of the suit, as it has entered an appearance on behalf of the DEA. Courts have found that actual notice and reasonable efforts to serve federal defendants, coupled with pro se status, may provide "grounds for leniency in considering the technical imperfections of service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d at 1014 (noting

---

[1] The address to which the Department of Justice indicates correspondence to the Attorney General should be mailed is: 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001. *See* http://www.justice.gov/contact-us.html.

grounds for leniency were present but holding that the district court did not abuse its discretion in dismissing the case for failure to properly serve).

## CONCLUSION

Because Velazquez has not properly served Defendants, he is not entitled to default, and the Court accordingly **DENIES** his request for Clerk's entry of default. Finding good cause to extend the time to complete service given the circumstances of this case, the Court grants Velazquez <u>up to and including July 31, 2012</u> to comply with the requirements of Federal Rule of Civil Procedure 4(i) and to file proof of such service with the Court.

The Clerk shall mail Velazquez sufficient additional U.S. Marshal Forms so that he may provide the valid address and name of each Defendant he is required to serve to perfect service under Rule 4(i). Velazquez is advised to serve the U.S. Attorney's Office for the Southern District of California by a method prescribed in Rule 4(i)(1)(A), the Attorney General at Washington, D.C. as required by Rule 4(i)(1)(B), and each agency and officer sued in an individual or official capacity according to Rule 4(i)(1)(C), (2)-(3). In order to ensure Velazquez receives these Forms, this and all future mailings to him shall be addressed according to his instruction (*see* ECF No. 10) as follows:

> Javier Mendez Velazquez, also known as
> Gilberto Benitez, CDC# K-18611 (SB-235Low)
> P.O. Box 705
> Soledad, California 92960-0705

Upon receipt of these Forms, the U.S. Marshal shall effect amended service of the Complaint and summons in this action upon Defendants as directed on the Forms. If Velazquez fails to file the required proof of service by the date provided above, or if this second attempt at service remains defective, the Court will dismiss the case.

**IT IS SO ORDERED.**

DATED: May 22, 2012

Honorable Janis L. Sammartino
United States District Judge