ORIGINAL

Javier Mendea Velasquez,
aka: Gilberto Benitez,
CDC# K-18611 (SB-235Low)
P.O.Box 705
Soledad, Ca. 93960-0705



FILED

AUG 2 0 2012

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Javier Mendez Velasquez,
aka: Gilberto Benitez,

Plaintiff,

vs.

DEA HEADQUARTERS UNIT   SARO ;
U.S.DEPARTMENT OF JUSTICE,et,
al.

Defendants,

) **CASE No. 11-CV-820-JLS(NLS)**
)
)
)
)
)
) OPPOSITION TO MOTION TO
) DISMISS PETITION FOR WRIT OF
) MANDATE WITH MEMORANDUM OF
) POINTS AND AUTHORITIES IN
) SUPPORT
)
) Dated: September 6, 2012
) Time: 1:30 p.m.
) Courtroom: 6
) Hon: Janis L. Sammartino
)

Plaintiff Javier Mendez Velasquez, also known as Gilberto

Benitez, acting pro se, respectfully comes before this Hono-

rable Court, and files this Opposition to Motion to Dismiss

Petition for Writ of Mandate and Declaratory Relief, pursuant

to the Order of this Court filed on May 22, 2012, and alleges,

denies, and admits as follows:

1.      Plaintiff alleges that Defendants are misleading this

Honorable Court contending that because the Government has

responded to the FOIA request, there is nothing left for this

Court to adjudicate ... and that plaintiff's claim is moot and

should be dismissed for lack of subject matter jurisdiction.

1

2.     Plaintiff denies each and every allegation of Defen dants Motion to Dismiss and specifically contends that his petition for Writ of Mandate and Declaratory Relief was properly filed under which plaintiff's captioned this action.

3.     Plaintiff invites this Honorable Court to take  a minute and realize why the Defendant's did not attached the three pages referred by the DEA? in the William C. Little Jr. Declaration? ... It is very simple ... Because the Defendant's do not want this Court to have the time to compare/and or to find-out that the three responsive pages the CBP referred to plaintiff, are "FAKE/FALSE" compering it with the true original copy that plaintiff is presenting to this Court. see( Exhibit "A"). As this Court can notice ... the"large printed number on the middle of the Laboratory Report Page are different" the original has a number "1" printed on the middle, But the three pages referred by CBP, the front page has a "4",  and not the same number as the copy of the original has it.

4.     WHEREFORE, plaintiff respectfully request this Honorable Court to entertain the instant petition because plaintiff has properly filed the instant petition with diligence and since Defendants, in their motion to Dismiss, chose to mislead, deceive,thus, taking this Court as ignorant of the law, introducing false documents trying to confuse this Court with the three pages DEA referred to CBP for processing.
It seems that the Defendants are "hiding something to this Court" because at the time they filed the Declaration of William C. Little, Jr. in support of Defendants Motion to Dismiss, the Defendants only are showing to this Court the

2

letter that CBP mailed to plaintiff, "But", not the three
pages that goes along with "that" specific letter. which the
Defendants claims are the FOIA request made by plaintiff ...
such letter without proof of service also.


Dated: August 16, 2012


                                    Respectfully Submitted:




                                    Javier Mendez Velasquez, aka:
                                    Gilberto Benitez,




///
///
///
///
///
///
///
///
///
///
///
///

3

PROOF OF SERVICE BY MAIL

BY PERSON IN STATE CUSTODY
(C.C.P. §§ 1013 (A), 2015.5; F.R.C.P.S. 28 U.S.C. § 1746)

I, **Javier Mendez Velasquez,** **aka: Gilberto Benitez,** declare:

I am over the 18 years of age and I am party to this action. I am a resident of Correctional

Training Facility prison in the County of Monterrey, State of California. My prison address is

**Javier Mendez Velasquez,**
**aka: Gilberto Benitez** , CDCR #: **K-18611**

Correctional Training Facility

P.O. Box 705, Cell # **SB/235Low**

Soledad, CA 93960-0705

On **August 16, 2012** , I served the attached:

**[Opposition to Motion to Dismiss]**

_____

_____

_____

_____

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope,

with postage thereon fully paid, verified by prison staff, in the United States Mail in a deposit

box so provided at the above-named correctional institution in which I am presently confined.

The envelope was addressed as follows:

**United States District Court**
**Southern District of Calif.**
**880 Front Street, Suite 4290**
**San Diego, Ca. 92101-8900**

**U.S.Department of Justice**
**Southern District of Calif.**
**Office of the U.S. Attorney**
**880 Front Street, Room 6293**
**San Diego, Ca. 92101-8893**

**United States Department of Justice**
**U.S. Attorney General**
**950 Pennsylvania Avenue,N.W.,**
**Washington,D.C. 20530-0001**

I declare under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.

Executed on **August 16, 2012**

_(Declarant's Signature)_

1  Javier Mendez Velasquez,
   aka: Gilberto Benitez
2  CDC# K-18611 (SB-235Low)
   P.O.Box 705
3  Soledad, Ca. 93960-0705

4

5

6          UNITED STATES DISTRICT COURT
7         SOUTHERN DISTRICT OF CALIFORNIA

8  Javier Mendez Velasquez,      )  Case No. 11-CV-820-JLS(NLS)
   aka: gilberto Benitez,        )
9                                )
                Plaintiff,       )
10                               )
                                 )
11                               )  MEMORANDUM OF POINTS AND
                                 )  AUTHORITIES IN SUPPORT OF
12 vs.                           )  PLAINTIFF'S OPPOSITION
                                 )  MOTION TO DISMISS
13                               )
                                 )
14                               )
                                 )  Dated: September 6, 2012
15 DEA HEADQUARTERS, UNIT (SARO) ;)  Time:  1:30 P.M.
   U.S.DEPARTMENT OF JUSTICE,et.al.)  Courtroom: 6
16           Defendants,         )  Hon. Janis L. Sammartino

17

18 Plaintiff Javier Mendez Velasquez, aka: Gilberto Benitez,

19 acting pro se, respectfully comes before this Honorable Court

20 and files this Memorandum of Points and Authorities in Support

21 of his Opposition Motion to Dismiss, pursuant to the order of

22 this Court filed

23 Contending that because the Defendants has responded to the

24 FOIA request, there is nothing left for this Court to adjudi-

25 cate ... and that Plaintiff's Claim is moot and should be

26 dismissed for lack of subject matter jurisdiction. Well,they

27 are "wrong".

28
                              1

# INTRODUCTION

I.      This is a freedom of Information Act ("FOIA") lawsuit
in which plaintiff seeks an order compelling the Drug Enforce-
ment Administration (DEA) to respond to his FOIA request.
DEA referred Plaintiff request to U.S.Customs and Border Prote-
ction ("CBP"), which responded to the FOIA request and produced
the responsive document. Defendants contends "or" thinks that
just because their office responded to the FOIA request, there
is nothing left for this Court to adjudicate. thus contending
that plaintiff's claim is moot and should be dismissed for
lack of subject matter jurisdiction."But they are wrong"

## II.        FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff in this Civil Action, Javier Mendez Velas-
quez, also known as Gilberto Benitez, submitted a letter dated
July 22, 2009, addressed to the Laboratory Director Drug Enfor-
cement Administration, in San Diego Division.

On April 2, 2012, the DEA referred three responsive
pages that it had located to U.S. Customs and Border protec-
tion to determine whether they should be released to the
plaintiff. DEA also notified plaintiff that it had made the
referral. (Little Decl. 22-23 and Exhs. I-J).

On April 18, 2012, CBP released the three pages
referred by the DEA, withholding the name of a CBP special
agent pursuant to FOIA Exemptions (b)(6), (b)(7)(f). (Id. 24
and Exh. K.)

1  Meanwhile, while the FOIA request was pending with DEA, Plain-

2  tiff filed the Complaint in this Civil Action on April 15,2011.

3  (Doc. No. 1.)

4  Plaintiff titled his action as "Petition for Writ of Mandate

5  and Declaratory Relief." (Id.) In the Complaint, Plaintiff asks

6  this Court to order compliance with his FOIA request, (Id. at

7  6.)

8

9  III.              LEGAL PRINCIPLES

10

11      In fact Federal Courts do not lack jurisdiction to

12  consider moot claims as the Defendants are arguing. to the

13  contrary, the Federal Courts have jurisdiction as long as the

14  plaintiff keeps arguing that the requested documents are still

15  incomplete ... and the action still pending.

16  There is an exeption in general, as in this present action

17  when an administrative agency claims that it has performed the

18  action sought by a plaintiff in litigation, "but" the truth of

19  the facts are  different where the requested documents still

20  incomplete, as in this present action. ... "The federal Court

21  has the jurisdiction, power, and the ability to grant effec-

22  tive relief." thus, this claim is not moot. see Thornhill Publi-

23  shing Co. v. general Telephone Corp., 594 F.2d.730,733 (9th

24  Cir. 1979).Thus, this Honorable Court should deny the Defen-

25  dants Motion to Dismiss because the relevant facts still in

26  dispute and is premature at this time as a matter of law. see

27  Thornhill 594 F.2d. at 733-34.

28      Here, the Defendants failed to make a "factual" attack

3

pursuant to Rule 12(b)(1) neither presented and or accompanied
by any extrinsic evidence. as required by law. see St, Clair v.
City of Chico, 880 F.2d.199,201(9th Cir. 1989)
At this moment plaintiff is presenting true evidence necessary
to satisfy it's burden to establish that this Court, in fact,
possesses subject matter jurisdiction. Id. 880 F.2d.at 201.

In ruling on a challenge to subject matter jurisdic-
tion, the District Court is ordinarily free to hear evidence
regarding jurisdiction and to rule on that issue prior to
trial, resolving factual disputes where necessary. Thornhill,
supra,594 F.2d.at 730-733.
In such circumstances, However, where the jurisdictional issue
and substantive issues are so intertwined that the question of
jurisdiction is dependent on the resolution of factual issues
going to the merits, "the jurisdictional determination should
await a determination of the relevant facts on either a motion
going to the merits or at trial. Thornhill,supra,594 F.2d.at
733-735; Wright &.Miller §1350,at558. Therefore, "the moving
party should prevail only if the material jurisdictional facts
are not in dispute. Thornhill,supra, 594 F.2d.at 733-35.
This present case is before the District Court on a motion to
dismiss by the Defendants for want of subject matter jurisdic-
tion ... Plaintiff alleges that because the jurisdictional
issue is dependent upon the resolution of factual issues
going to the merits, It is incumbent upon the District Court
to apply summary judgment standards in deciding whether to
grant or deny the Defendants motion ... Therefore, It is
improper for the District Court to grant the Defendants motion

to Dismiss because the relevant facts "authenticity of documen-
ts" referred by BCP to plaintiff are still in dispute. see
Thornhill.supra, 594 F.2d.at 733-34. Thus, this Honorable
Court Should conduct an Evidentiary Hearing to find out the
true facts of these issues presented by both the defendants
and  plaintiff.

## ARGUMENT

IV.          PLAINTIFF'S FOIA CLAIM IS "NOT" MOOT
             BECAUSE THE DEFENDANTS RESPONDED TO
             HIS FOIA REQUEST WITH FAKE/FALSE
             DOCUMENTS.

A.      Plaintiff alleges that Defendants are misleading this
Honorable Court contending that because the government has
responded to the FOIA request, there is nothing left for this
Court to adjudicate ... and that plaintiff's claim is moot and
should be dismissed for lack of subject matter jurisdiction.
Well, they are "wrong".

1.    Thus, the plaintiff respectfully requests that the
Honorable Judge of this Court entertain's this instant peti-
tion because the plaintiff has properly filed this claim and
all evidence provided to the Court.(";herein";).(Writ of Mandate
filed pages 1 thru    ).
The Defendants, in their Motion to Dismiss, have Mislead and
Deceived this Court by falsifying documents and in introducing
"false" evidence to this Court as it shows in the three pages
from the DEA and CBP referred to plaintiff see (Exhibit "A"
attached) of"Report of Drug Property Collected, Purchased or
Seized" and the Forensic Chemist worksheet.

     Your Honor, if you look real close at the three pages

the handwriting and the letters and characters have been "altered" and "enhanced" and (re-written) in,  in "dark-black" bold letters, trying to get this Court to believe that this is original Lab. Testing Documents that were taken at the time the Forensic Lab. testing Chemist performed the tests on the drug marijuana that they "Supposedly" had Seized.

2.  However, it's not because (1) the Original lab. testing documents made out by the Forensic Lab. Chemist, Ms. Patricia A. Brown, has a major difference which is big/huge number one "1" on the middle of the page,(2)  also  the original signature is clearly shown at the bottom left of the DEA-7 form.see (Exhibit "A"), and (3) the letters and characters of copy from original are "not enhanced" in ("Big-Dark-Bold-Print") making it look as a "pretend original document" meaning it's not real see (Exhibit "A" of this Opposition of the "real" original copy of Forensic Lab. Test Report).

Now Your Honor, if you compare (Exhibit "A") from (Exhibit "B")  You will see the difference that (Exhibit "B")is a "Phony" Trumped-up Forensic Lab. Test Report, that was(re-written) and (re-copied) in ("Big-Dark-Bold-Printed")letters that otherwise "altered" and "enhanced" it's look Futher showing it is a Falsified Document.  Also, the documents are "not" signed and are "not" Authenticated" see (Exhibit "B").

4.  The three pages referred by CBP to plaintiff has also a major difference which is a big/huge number four "4" on the middle of the page, and"not"a big/huge number one "1" as the copy of the original has it. see and compare( Exhibit "a") from (Exhibit "B") the big/huge number on the middle are

1  different ... the three pages of the Forensic Lab. Test Report

2  that the Defendants have submitted shown here in  Exhibit "B"

3  are "FAKE and FALSE" and "cannot" be accepted by this Court or

4  lodgeed in as evidence to support their Claim, and the Defen-

5  dants should be sanctioned and charge by this Honorable Judge

6  and Court for doing so, and a further investigation must

7  "ensued" with a Complaint filed to the California State Bar

8  Association because violations like this must "not" go unheard.

9      The Test by the Forensic Lab. Test Chemist shows that

10  there was (1) no positive Test found for marijuana or of the

11  toxic ingridient Delta 9-THC,  (2) no Positive test for

12  Microscopic of Duquenois, nor any results of Thin Layer, nor

13  any strangh of toxic ingridient, see (Exhibit "A" attached).

14  (3) there is no evidence that the three pages referred from

15  CBP to plaintiff were part of evidence against plaintiff at

16  his trial ... the only evidence was the suspected marijuana

17  and the prison package. see (Exhibit "C").(4)also these three

18  pages that CBP referred to plaintiff, never were confronted

19  at plaintiff's trial, Therefore, these three pages that the

20  Defendants are alleging that are the request made by plaintiff

21  is absolutrlly wrong because are not part of the evidence

22  against plaintiff. (5) Plaintiff alleges that all facts

23  Based on this above information, plaintiff not only wants the

24  Honorable Judge to deny the Defendants Motion to Dismiss, "but

25  (he) wants the Honorable Judge of this Court to "Launch" an

26  investigation into the "Illegal" behavior and actions by the

27  Defendants in their Criminal Attempt to"(Create)" and to

28  "(enhance)" Falsified Documents. Yes| Your Honor, it's criminal.

(6) Plaintiff denies each and every allegation [herein] within the Defendants Motion to Dismiss and specifically contends that his petition for writ of mandate was properly filed, and that all the facts stated within his claims are thereby true and correct.

(7)  Defendants Motion to Dismiss should be denied because there is not a sufficient showing.

Finally, Plaintiff prays that this Honorable Court grant this Opposition to Motion to Dismiss. By doing so, issue the writ ... due to all the violations caused by the Defendants and or as this Court deem just and appropiate in the interest of justice.

Dated: August 16, 2012

Respectfully Submitted:

Javier Mendez Velasquez,
aka: Gilberto Benitez,

///
///
///
///
///

8

PROOF OF SERVICE BY MAIL

BY PERSON IN STATE CUSTODY
(C.C.P.§§ 1013 (A), 2015.5; F.R.C.P.5; 28 U.S.C.§ 1746)

I, **Javier Mendez Velasquez,**
**aka: Gilberto Benitez**_____, declare:

I am over the 18 years of age and I am party to this action.  I am a resident of Correctional

Training Facility prison in the County of Monterrey, State of California.  My prison address is

**Javier Mendez Velasquez,**
**aka: Gilberto Benitez**_____, CDCR #: ___**K-18611**_____

Correctional Training Facility

P.O. Box 705, Cell # **SB/235Low**

Soledad, CA 93960-0705

On ___**August 16, 2012**_____, I served the attached:

**[Memorandum of Points and Authorities in Support**

**of Plaintiff's opposition Motion to Dismiss]**

_____

_____

_____

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope,

with postage thereon fully paid, verified by prison staff, in the United States Mail in a deposit

box so provided at the above-named correctional institution in which I am presently confined.

The envelope was addressed as follows:

**United States District Court**          **U.S.Department of Justice**
**Southern District of Calif.**           **Southern District of Calif.**
**880 Front Street, Suitr 4290**          **Office of the U.S.Attorney**
**San Diego, Ca. 92101-8900**             **880 Front Street, Room 6293**
                                          **San Diego, Ca. 92101-8893**

**United States Department of Justice**
**U.S.Attorney General**
**950 Pennsylvania Avenue,N.W.,**
**Washington,D.C. 20530-0001**

I declare under penalty of perjury under the laws of the United States of America that

the foregoing is true and correct.

Executed on ___**August 16, 2012**_____

_____
(Declarant's Signature)

# Exhibit
# A

**U.S. Department of Justice**
**Drug Enforcement Administration**

Read instructions on reverse
before completing.

## REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

| 1. HOW OBTAINED (Check) | | | | 2a. FILE NO. | 2b. PROGRAM CODE (b)(7)(E) |
|---|---|---|---|---|---|
| ☐ Lab. Seizure ☐ Other (Specify) | ☐ Purchase ☐ Money Flashed | ☒ Seizure ☐ Compliance Sample (Non-Criminal) | ☐ Free Sample | R2-95-0350 | per DEA |

| 4a. WHERE OBTAINED (City, State/Country) | 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|---|
| North San Diego County, CA. | 3/15/95 | MENDEZ-Velasquez, Javier |

| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL | 7. DATE PREPARED | 8. GROUP NO. |
|---|---|---|---|
| USBP | ☒ Case No. OR ☐ Seizure No.  No. 95 SDC/SCH 03-62 | 3/16/95 | Team VI |

| 9. Exhibit No. | 10. EDIN (8 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY 13. Seized | 14. Submitted | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| 1 | n/a | Marijuana | 15 packages wrapped in cellophane and containing marijuana | 39.6 lbs | | |
| 1a | n/a | marijuana | Representative sample taken from Exhibit #1 | | 13.8 lbs | 0.00 |
| 1b-k | n/a | marijuana | Random samples taken from Exhibit #1 | | 56.2 grms | 0.00 |

| 16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG ? | ☒ NO (Included above) | ☐ YES (If Yes, enter exhibit no. and describe original container fully) |
|---|---|---|

**REMARKS:**

Exhibit #1 was seized by Agent ▓▓▓▓ at the USBP Checkpoint located on I-5 in North San Diego County, California, from a vehicle driven by MENDEZ, after it had been stopped by USBP agents for a routine immigration inspection and a hidden compartment was found to contain the marijuana. Agent ▓▓▓▓ took the above samples for submission to the DEA SWL for analysis; and Exhibit #1 was submitted to the DEA Bulk Evidence Custodian.

(b)(7)(C),(b)(7)(F)

*per DEA*

Gross Wt.: 6375 gm
Net Wt.: 5251 gm

28.2 gm removed for special study.

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | WEIGHT PER UNIT ANALYZED 29. Strength | 30. Measure | 31. Unit | 32. TOTAL NET | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| 1A-1K | 98306 | Marijuana | — | — | — | — | 5216 gm |

(b)(7)(C),(b)(7)(F)

*per DEA*

**U.S. Department of Justice**
Drug Enforcement Administration

**FORENSIC CHEMIST WORKSHEET**

Page ___ of ___

| 1. From | 2. Date RECEIVED | 3. SEALS | 4. FILE NO. / EXHIBIT NO. / LAB. NO. |
|---------|---------|----------|----------|
| WFP | 3-28-95 | ☒ Intact ☐ Broken ☐ None | R3-95-0350 / 1A-K / 98396 |

**5. DESCRIPTION OF EVIDENCE**

1A  Cardboard box containing 3 large bricks, tan tape, CP,
    Al foil, compressed plant material

1B-K  HSEE containing 10 CPZB each containing plant
      material

**6. SUMMARY OF FINDINGS**

gross wt        6375g

net wt         5251g

28.2g removed for Special Study

| 7. EXH. NO. | 8. LAB. NO. | 9. ACTIVE DRUG INGREDIENT | 10. QUANTITATIVE RESULTS | 11. TOTAL NET | 12. RESERVE |
|---------|---------|---------|---------|---------|---------|
| 1A-K | 98396 | marijuana | — | — | 5216g |
| | | | | | |

**13. RESERVE EVIDENCE**

Ex 1A  Each was placed in CPZB & then sealed in a large DEA
       EE & returned to original cardboard box.

Ex 1B-K  Returned to original HSEE

(b)(7)(C) per TEK

| | 16. DATE REPORTED |
|---|---|
| | 3-29-95 |

(b)(7)(C)
per TEK

| EXHIBIT | 1A-K |
|---|---|
| 96XX/NN/AA | XX |
| DIL X/N/A | X |
| BALLISTICS | |
| FINGERPRINT | |
| SPEC. ATTN. | NiDA / KB |
| HOURS | 2.5 |
| HEROIN | 7360.000 |
| HEROIN SIG. | |
| HER C/C/G | |
| DIL C/C/G | |

**ENTERED**
APR 0 4 1995
**STRIDE**

DEA Form — 86

Previous edition dated 9/84 may be used.

R2-95-0350  ELIA-K  98396

Opened 3-29-95
sealed 3-29-95

<u>1A</u>                          1B-K

<u>Gross wt</u>
6317.8g                    57.3g
6317.8g            ✓
3/29/95 gf        6375.1g ⤳ 6375g

<u>Net wt</u>
G: 5317.1g         G: 32.1g          B+K
T: 93.1g           T: 5.0g        2Cf2B = 1.0g
N: 5224.0g         N: 27.1g
                   5251.1g ⤳ 5251g

<u>Microscopic</u>   pos for hairs × 13

<u>Duquenois (mod)</u>  pos for marijuana × 13        NIDA
                    neg for blank × 1          G: 35.2g
                                               T: 7.0g
<u>TLC</u> Toluene      pos for Δ9THC × 13         N: 28.2g
     Fast Blue 2B   pos for Δ9THC STD × 5
                    neg for blank × 1

<u>Reserve wt</u>    G: 5285.8g      G: 28.1g
                T: 93.1g        T: 5.0g
                N: 5192.7g      N: 23.1g
                    5215.8g    ⤳ 5216g

GWAA    6515.7g        53.3g

Page 3

# Exhibit
# B

U.S. Department of Justice
Drug Enforcement Administration

# REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

| 1. HOW OBTAINED (Check) | | | 2a. FILE NO | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|---|---|
| ☐ Purchase ☒ Seizure ☐ Free Sample ☐ Lab. Seizure ☐ Money Flashed ☐ Compliance Sample (Non-Criminal) ☐ Other (Specify) | | | R2-95-0350 | | IHM14 |

| 4. WHERE OBTAINED (City, State/Country) | 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|---|
| North San Diego County, CA. | 3/15/95 | MENDEZ-Velasquez, Javier |

| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL | | 7. DATE PREPARED | 8. GROUP NO. |
|---|---|---|---|---|
| USBP | ☒ Case No. OR ☐ Seizure No. No. 95 SDC/SCM 03-62 | | 3/16/95 | Team VI |

| Exhibit No. | 10. FDIN (8 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 1 | n/a | Marijuana | 15 packages wrapped in cellophane and containing marijuana | 59.6 lbs | | |
| 2 | n/a | marijuana | Representative sample taken from Exhibit #1 | | 13.8 lbs | 0 |
| 3b-k | n/a | marijuana | Random samples taken from Exhibit #1 | | 56.2 gms | 0 |

16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG ?  ☒ NO (Included above)  ☐ YES (If Yes, enter exhibit no. and describe original container fully)

REMARKS:

Exhibit #1 was seized by Agent VanWey at the USBP Checkpoint located on I-5 in North San Diego County, California, from a vehicle driven by MENDEZ, after it had been stopped by USBP agents for a routine immigration inspection and a hidden compartment was found to contain the marijuana. Agent VanWey took the above samples for submission to the DEA SWL for analysis; and Exhibit #1 was submitted to the DEA Bulk Evidence Custodian.

| 17. SUBMITTED BY SPECIAL AGENT (Signature) | 18. APPROVED BY (Signature & Title) |
|---|---|
| VanWey *[signature]* S/A | D. K. Goodrich, Sgt. *[signature]* |

## LABORATORY EVIDENCE RECEIPT REPORT

| 19. No. PACKAGES | 20. RECEIVED FROM (Signature & Date) | 21. TITLE |
|---|---|---|
| 2 | *[signature]* 3-20-95 | |
| 22. SEAL ☐ Broken ☐ Unbroken | 23. RECEIVED BY (Signature & Date) *[signature]* 3/20/95 | 24. TITLE S/B |

## LABORATORY ANALYSIS/COMPARISON REPORT

25. ANALYSIS SUMMARY AND REMARKS

98396

Gross Wt.: 6375 gm
Net Wt.: 5251 gm

28.2 gm removed for special study.

| Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | WEIGHT PER UNIT ANALYZED | | | | 32. TOTAL NET | 33. RESERVE |
|---|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | | |
| 1A-1K | 98396 | Marijuana | — | — | — | | | 5216 gm |

| 34. ANALYST (Signature) | 35. TITLE | 36. DATE COMPLETED |
|---|---|---|
| Patricia A. Brown *[signature]* | Forensic Chemist | 3-29-95 |
| 37. APPROVED BY William F. Phillips *[signature]* | 38. TITLE Laboratory Director | 39. LAB. LOCATION National City, CA |

DEA Form - 7
(MAR. 1990)

Previous edition dated 10/87 is OBSOLETE.

1 - Prosecution

MAR 31 '95  7:54                    619 498 0027  PAGE.002

1   TINY SPOTS ACROSS THE PLATE, AND IT'S PLACED IN A CLOSED
2   CONTAINER WITH A SOLVENT AND, THROUGH CAPILLARY ACTION,
3   CAUSES THE SAMPLES TO RISE TO THE TOP, WHICH YOU SPRAY IT
4   WITH A VISUALIZING SPRAY, AND YOU LOOK FOR YOUR DELTA 9 THC.

5       Q.    THAT TELLS YOU IT'S MARIJUANA?

6       A.    ALL THREE TESTS.

7       Q.    I BELIEVE YOU ALLUDED TO IT, BUT IF YOU COULD
8   EXPLAIN TO THE JURY WHAT THE DIFFERENCE BETWEEN GROSS WEIGHT
9   AND NET WEIGHT IS.

10      A.    GROSS WEIGHT IS THE WEIGHT OF THE SAMPLE AND
11  WHATEVER CONTAINERS IT'S IN.  IF SOMETHING IS SUBMITTED IN A
12  CARDBOARD BOX, IT INCLUDES THE WEIGHT OF THE CARDBOARD BOX.
13  IF IT'S SUBMITTED IN HEAT SEAL, IT INCLUDES THE WEIGHT OF THE
14  HEAT SEAL.  A NET WEIGHT IS THE WEIGHT OF THE SUBSTANCE
15  ITSELF.

16      Q.    WITHOUT ANY OF THE PACKAGING?

17      A.    CORRECT.

18      Q.    IN CONNECTION WITH YOUR TESTIMONY TODAY, DID YOU
19  BRING ANY DOCUMENTS?

20      A.    I BROUGHT THE CASE FILE.

21      Q.    OKAY.  AND SPECIFICALLY WHAT DOCUMENTS DID YOU
22  BRING TO COURT WITH YOU, MA'AM.

23      A.    IT'S A COPY OF D.E.A. 7.  MAY I USE IT?

24      Q.    OKAY.  WHAT'S A D.E.A. 7?

25      A.    A D.E.A. 7 IS A FORM SUBMITTED BY THE AGENT WHEN
26  SUBMITTING THE EVIDENCE, AT WHICH -- ON WHICH THE RESULTS ARE
27  TYPED AFTER I'VE CONCLUDED MY TESTS.  AFTER THEY ARE TYPED, I
28  SIGN IT, AND THEN IT IS SIGNED BY USUALLY OUR LAB DIRECTOR OR

1   SOMEONE WHO'S ACTING FOR HIM.

2        Q.    OKAY.  DID YOU BRING ANY OTHER DOCUMENTATION

3   WITH YOU OTHER THAN THIS D.E.A. 7?

4        A.    ATTACHED TO THE D.E.A. 7 IS MY HANDWRITTEN

5   NOTES.

6        Q.    OKAY.  HOW MANY PAGES ARE THOSE?

7        A.    JUST ONE.  AND A BLUE SHEET.

8        Q.    OKAY.  BRIEFLY, WHAT TYPE OF INFORMATION DO YOU

9   PUT ON YOUR NOTES?

10        A.    ON MY NOTES, I'LL WRITE WHAT SOMETHING LOOKS

11   LIKE.  I'LL WRITE THE NET WEIGHTS -- THE GROSS WEIGHTS, MY

12   CALCULATIONS FOR THE NET WEIGHTS, MY RESULTS OF MY

13   MICROSCOPIC, THE RESULTS OF MY DUQUENOIS AND THE RESULTS OF

14   MY THIN LAYER, THE WEIGHTS FOR THE RESERVE WEIGHT, AND THEN

15   THE GROSS WEIGHTS AFTER ANALYSIS.

16        Q.    OTHER THAN D.E.A. 7 AND YOUR NOTES, DID YOU

17   BRING ANY OTHER DOCUMENTS WITH YOU TO COURT TODAY IN

18   CONNECTION WITH YOUR TESTIMONY?

19        A.    JUST OTHER PAPERS THAT WERE IN THE FILE.

20        Q.    OKAY.

21        A.    NOTHING --

22        Q.    IF YOU COULD JUST IDENTIFY EACH ONE.

23        A.    ONE'S MY CURRICULUM VITAE.  AND THE OTHER IS --

24   IT'S SOME NOTE ABOUT -- IT'S SOME OFFICIAL LETTER ON THE

25   DESTRUCTION OF THE EVIDENCE.

26        Q.    THAT WOULD BE THE MARIJUANA IN THIS CASE?

27        A.    I ASSUME.

28        Q.    OKAY.  IS THAT SPECIFICALLY A LETTER THAT'S

# Exhibit
# C

DEPT. NO. **M 7**
CLERK **M. Martinez**

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN DIEGO**
**EXHIBIT LIST**

CASE NO. **SCD11483**

CASE NAME **People** vs **Benitez**
R. Stein – 330 W. Broadway, S.D.
COUNSEL **J. Stathis – 233 West A St.**
Name(s) and address(es)

COURT OF APPEAL **0150**
F I L E D
KENNETH E. MARTONE
Clerk of the Superior Court
**MAY 02 1996**
By: **J.D. DAVIS, Deputy**

| NO. TT△ | ID Date | EVID Date | EXHIBIT DESCRIPTION | NO. TT△ | ID Date | EVID Date | EXHIBIT DESCRIPTION |
|---|---|---|---|---|---|---|---|
| 1 TT | 4/30/96 | 4/30/96 | Plastic bag containing 10 baggies of marijuana 53.3gr | | | | |
| 2 TT | 4/30/96 | 4/30/96 | 4 bricks of marijuana 6,515.7 grams | | | | |
| 3 TT | 5/1 | 5/1 | BKKG sheet for case SCD11483 | | | | |
| 4 TT | 5/1 | 5/1 | BKKG sheet for case CR115441 | | | | |
| 5 TT | 5/1 | 5/1 | Prison package E 71913 | | | | |
| 6 TT | 5/1 | 5/1 | prison package C 98824 | | | | |
| 7 TT | 5/1 | 5/1 | prison prior on SF 72164 | | | | |
| 8 TT | 5/1 | 5/1 | prison prior on CR 115441 | | | | |
| 9 TT | 5/1 | 5/1 | prison prior on A 463392 | | | | |
| 10 TT | 5/1 | 5/1 | prison prior on CRS 52219 + CRS 55666 | | | | |

**DISTRIBUTION**
White - Court File
Canary - Court Clerk
Pink - Exhibit Envelope

ID - Marked for Identification
EVID - Entered in Evidence
TT - Plaintiff/Petitioner Offered
△ - Defendant/Respondent Offered
O - Not Received by Exhibit Clerk

PAGE NO. **1 of 1**

Date: **5-2-96**
Exhibits Custodian

SUPCT 59(Rev. 3-93)

CONFIDENTIAL
LEGAL MAIL

GILBERTO BENITEZ
CDC# K-18611 (SB/235Low)
P.O.Box 705
Soledad. California. 93960

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
880 Front Street, Suite 4290
San Diego, California. 92101-8900



Priority Mail
ComBasPrice

UNITED STATES POSTAGE
$ 05 140
AUG 17 2012
MAILED FROM ZIP CODE 93960



