**ORIGINAL**



FILED
AUG 24 2012
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Javier Mendez Velasquez,
aka: Gilberto Benitez,
CDC# K-18611 (SB-235Low)
P.O.Box 705
Soledad, Ca. 93960-0705

NUNC PRO TUNC
AUG 20 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Javier Mendez Velasquez, ) Case No. 11-cv-820-JLS(NLS)
aka: Gilberto Benitez, )
        Plaintiff, )
)
)
) MOTION REQUESTING AN
) ~~EVIDENTIARY~~ HEARING WITH
) MEMORANDUM OF POINTS AND
vs ) AUTHORITIES IN SUPPORT OF
)
)
) Dated: September 6, 2012
) Time:  1:30 p.m.
) Courtroom: 6
DEA HEADQUARTERS, UNIT SARO ; ) Hon: Janis L. Sammartino
U.S.DEPARTMENT OF JUSTICE,et,al.)
        Defendants, )

## INTRODUCTION

Javier Mendez Velasquez, aka: Gilberto Benitez, acting pro se, respectfully comes before this Honorable Court and files this Motion requesting an Evidentiary Hearing, pursuant to Federal Rules of Civil Procedure

    This is a Freedom of Information Act("FOIA") lawsuit in which plaintiff seeks an order compelling the Drug Enforcement Administration DEA to respond to his FIOA request ... DEA referred plaintiff's request to U.S.Customs Border Protection CBP, which responded to his FIOA request and produced the

responsive documents. Defendants contends "or" thinks that just because their office responded to the FOIA request, there is nothing left for this Court to adjudicate. thus contending that plaintiff's claim is moot and should be dismissed for lack of subject jurisdiction. "Well they are wrong."

## PRINCIPLES

In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. see <u>Thornhill V. Publishing Co. v. General Telephone Corp.</u>,594 F.2d.730,733 (9th Cir 1979). In such circumstances, the existence of dispute material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Id. 594 F.2d. 733.

"But", However, where the jurisdictional issue and substantive issues are so interwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits,"the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial." <u>Thornhill</u>,supra,594 F.2d.at 733-35; <u>Wright & Miller</u> §1350,at 558.

In ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should not employ the standard applicable to a motion for summary judgment, as a resolution of the jurisdictional facts is akin to a decision on the merits. <u>Thornhill</u>,supra,594 F.2d.at 733-34. Therefore, the moving party should prevail only if the material jurisdi-

2

ctional facts are not in dispute ... "Unless that standard is met" the jurisdictional facts must be determined at the trial by the trier of fact. Id. 594 F.2d. at 733-35; see <u>Augustine v. United States</u>, 704 F.2d.1074,1077(9th Cir.1983).

Plaintiff became awared of the existance of this "Laboratory Analysis Drug Report" untill 2009, it's when plaintiff made his initial request at the Department of Justice Laboratory at National City in San Diego, Ca....noticing the incompleteness of such "Drug Report".

Plaintiff contends that this action and the claims herein are very complex and serious in nature, and requires more extensive screening by this Court ... this claim has been discovered through the exercise of reasonable diligence.

## ARGUMENT

This action is before this Honorable Court on a motion to dismiss for want of subject matter jurisdiction ... Because the jurisdictional issue is dependent upon the resolution of factual issues going to the merits, it is incumbent upon the District Court to apply summary judgment standards in deciding whether to grant or deny the Defendants motion. thus it is "improper for the District Court to grant the Defendants motion because the relevant facts are in dispute. see <u>Thornhill</u>,<u>supra</u>,594 F. 2d. at 733-34. Futhermore, in deciding this action, this Court should make findings of fact of conclusions of law ... and should conduct an evidentiary hearing.

"Evidentiary Hearing is now requested under the Standard set

forth in Augustine v. United States, 704 F.2d.1074,1077(9th Cir 1983), in where the Court held that, It is improper for the district court to grant the government's/Defendants motion to dismiss "Unless the relevant facts are not in dispute."

The offered evidence papers and exhibits presented by the plaintiff, establish a clear conflict and or dispute as to the central factual issues in this present action.

On the other hand, the Defendants alleges and offers no convincing evidence, not even the three pages referred to plaintiff from CBP. In such circumstances ... a grant of summary judgment on the merits would be improper. Therefore, "It is improper for the district court to sustain the Defendants factual challenge to subject matter jurisdiction without conducting an evidentiary hearing on the merits. Id. 704 F.2d. at 1078.

This Court should apply "that" Standard properly here ... this action should not be dismiss on the basis of the pleading and the three pages that CBP referred to plaintiff. This Court should make it's findings of fact and or coclusions of law, and should conduct an evidentiary hearing ... Because the moving papers the three pages that CBP referred to plaintiff, However, are"establishing a clear conflict as to the central factual issue in this present action indeed".

Plaintiff alleges and offer a copy of original Laboratory Report which it is completely different from the three pages that CBP referred to plaintiff. see(Exhibit "A" attached).

This Court has not been properly informed of the nature and seriousness of these bad-faith intentions that the Defendants have, by referring "FAKE/and or FALSE documents to plaintiff,

4

1 seeking the withdrawal of this action by plaintiff.
2 Finally, plaintiff prays that this Honorable Court grant this
3 motion in whole, thus, conducting an Evidentiary Hearing that
4 is necessary in this present action to resolve the basic factual
5 issues in this Civil Action. And as this Court deem just and
6 appropiate in the interest of justice.

8 Dated: August 16 , 2012

12 Respectfully Submitted:

17 Javier Mendez Velasquez, aka:
Gilberto Benitez,

20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

5

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY
(C.C.P.§§ 1013 (A), 2015.5; F.R.C.P.5; 28 U.S.C.§ 1746)

I, Javier Mendez Velasquez, aka: Gilberto Benitez, declare:

I am over the 18 years of age and I am party to this action. I am a resident of Correctional Training Facility prison in the County of Monterey, State of California. My prison address is Javier Mendez Velasquez, aka: Gilberto Benitez, CDCR #: K-18611

Correctional Training Facility, North
P.O. Box 705 (SB-235Low)
Soledad, CA 93960-0705

On August 16, 2012, I served the attached:

Motion Requesting an Evidentiary Hearing

with Memorandum of Points and Authorities

in Support of

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, verified by and given to prison staff, for deposit in the Mail box provided at the above-named correctional institution in which I am presently confined.

The envelope was addressed as follows:

| | |
|---|---|
| United States District Court<br>Southern District of Calif.,<br>880 Front Street, Suite 4290<br>San Diego, Ca. 92101-8900 | U.S. Department of Justice<br>Southern District of Calif<br>Office of the Attorney Generl<br>880 Front Street, Room 6293<br>San Diego, Ca. 92101-8893 |

United States Department of Justice
U.S. Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

Executed on August 16, 2012

_(Declarant's Signature)_