1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

11

JAVIER MENDEZ VELASQUEZ, a/k/a
GILBERTO BENITEZ,

12

Plaintiff,

13

vs.

14
15

DEA HEADQUARTERS UNIT (SARO),
U.S. DEPARTMENT OF JUSTICE,
KATHERINE L. MYRICK,

16
17

Defendants.

CASE NO. 11-cv-0820-GPC-NLS

**ORDER GRANTING
DEFENDANTS' MOTION TO
DISMISS FOR LACK OF SUBJECT
MATTER JURISDICTION**

[DKT. NOS. 32, 35, 39]

18
19
20

## INTRODUCTION

21          On April 15, 2011, Javier Mendez Velasquez, a.k.a. Gilberto Benitez ("Plaintiff"), filed a
22  Petition for "Writ of Mandate and Declaratory Relief" against Defendants Drug Enforcement
23  Administration Headquarters Unit ("SARO"), the U.S. Department of Justice ("DOJ"), and Katherine
24  L. Myrick ("Myrick"), pursuant to the Freedom of Information Act and Privacy Act ("FOIA") for
25  failure to comply with a document request. (Dkt. No. 1.)  Presently before the Court is a motion to
26  dismiss for lack of subject matter jurisdiction filed by the Defendants.  (Dkt. No. 32.)  Plaintiff
27  opposed the motion, (Dkt. No. 33), and Defendants replied, (Dkt. No. 36).  Having considered the
28  parties' submissions and applicable law, the Court **GRANTS** Defendants' Motion to Dismiss for the
     reasons that follow.

## BACKGROUND

Plaintiff, proceeding pro se, is currently serving a life sentence at the Soledad Correctional Facility for possession of marijuana.[1]  On July 22, 2009, Plaintiff made a request to the DOJ and the Drug Enforcement Administration ("DEA") for a copy of the "Laboratory Analysis Comparison Report" ("the Report") related to his conviction.  Plaintiff received an initial response from the DOJ on October 28, 2009, providing Plaintiff with a case number.  Plaintiff wrote a second letter to the DEA on November 14, 2009, to notify of an address change and bring attention to the fact that the October 28th response listed the file number as R6-95-0350 instead of the  "right file Laboratory number" R2-95-0350.  Plaintiff's third and fourth letters, sent on October 19, 2010, and March 24, 2010, were sent to Myrick, the Chief of Freedom of Information Operations Unit for the DEA, requesting fee information and inquiring whether she was aware of the incorrect file number in the October 28, 2009 letter.

Plaintiff received a response dated April 2, 2012, stating that the DEA located "three pages that contain information that was furnished by another government agency" and that no further action would be taken per Plaintiff's FOIA request.  (Dkt. No. 17 at 1-2: 26-28, 1-5.)  The DEA referred the three pages to the United States Customs and Border Protection ("CBP") to determine whether the documents should be released to Plaintiff.  (Dkt. No. 32-1 at 2: 14-15.)  On April 15, 2011, Plaintiff filed a Petition for a "Writ of Mandate and Declaratory Relief"[2] to compel the DEA and Myrick to assist Plaintiff with obtaining the records he had requested, as well as provide an explanation for the delay.  Plaintiff claimed the DEA and Myrick failed to comply with his request for a verified copy of the Report pursuant to FOIA, citing 5 U.S.C. §552.  On April 18, 2012, CBP released three pages of laboratory test results to Plaintiff. (Dkt. No. 32 at 3.)  Prior to release, the documents were reviewed by DEA counsel to "insure that [Plaintiff's] request reasonably describes records, that a search calculated to uncover all responsive information was performed, and that all releasable information

---

[1]Unless otherwise noted, all information in the Background section is taken from Plaintiff's Writ of Mandate.  (Dkt. No. 1.)

[2]Plaintiff filed this action as a "Petition for Writ of Mandate," however, he is seeking disclosure of federal agency records and compliance pursuant to the FOIA, 5 U.S.C. §552.  Plaintiff acknowledges this action as a FOIA claim in subsequent pleadings.  (Dkt. Nos. 33, 35.)

was provided to a requester.  If not, action is taken to cure any deficiencies." (Dkt. No. 32-2 at 3: 1-4.)

Upon Defendants' motion to dismiss for "mootness" and lack of subject matter jurisdiction, (Dkt. No. 32), Plaintiff filed an opposition arguing his FOIA claim is not moot because the Defendants released fake documents. (Dkt. No. 33 at ¶ 3.)  To support his claim, Plaintiff identifies particular document discrepancies: Plaintiff states the printed number on the Report is "1" while the number on the CBP report is "4"; Plaintiff alleges the CBP report contains "altered and enhanced" letters; and Plaintiff cites discrepancies between signatures of the documents. (Dkt. No. 33 at ¶¶ 2, 4.)  Plaintiff filed a motion for an evidentiary hearing and a motion to appoint a handwriting expert. (Dkt. Nos. 35 and 39.)  Defendants filed a reply, again in support of the motion to dismiss for lack of subject matter jurisdiction. (Dkt. No. 36.)  Defendants additionally filed information compiled by DEA counsel, "[i]n order to alleviate [Plaintiff's] concerns," and to explain the appearance of the Report.  (Dkt. No. 36-1.)

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)1 permits a party to raise by motion the defense of "lack of subject matter jurisdiction."  Fed. R. Civ. P. 12(b)1.  In this Circuit, a "mootness" claim is properly raised with a 12(b)(1) motion. See Gemtel Corp. v. Community Redevelopment Agency, 23 F.3d 1542, 1544 n.1 (9th Cir. 1994) (finding "mootness" and "ripeness" properly challenged under Rule 12(b)(1)). A claim is moot when "it has lost its character as a present, live controversy," for instance, when an administrative agency has performed the action sought by a plaintiff and the federal court has no authority grant effective relief.  Rosemere Neighborhood Ass'n v. U.S. Envtl. Prot. Agency, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting Am. Rivers v. Nat'l Marine Fisheries Serv., 126 F.3d 1118, 1123 (9th Cir. 1997)).  The court does not have jurisdiction over a moot claim.  Id.

### II. Analysis

#### A.    Appropriate Defendants Under FOIA

FOIA authorizes the district court to "enjoin the *agency* from withholding agency records and to order the production of any agency records improperly withheld."  5 U.S.C. §552(a)(4)(B) (emphasis added).  The proper defendant in a FOIA action is the federal agency, not the individual employees of the agency.  Hajro v. U.S. Citizenship & Immigration Services, 832 F.Supp.2d 1095,

1104 (N.D. Cal. 2011).  Myric, as an employee of a government agency, is not a proper defendant to

Plaintiff's FOIA claim.  Plaintiff's claim against Myric is dismissed.

**B.     Subject Matter Jurisdiction**

Defendants claim that because the government has responded to Plaintiff's FOIA request, there

is nothing left to adjudicate and the action moot.  (Dkt. No. 32-1 at 3: 23-25.)  Plaintiff claims his

FOIA claim is not moot because the Defendants responded to his request with fake documents.  (Dkt.

No. 33 at 5: 8-11.)

When a person makes a FOIA request to a government agency, it must conduct a good faith,

reasonable search of those systems of records likely to possess the requested information.  Lahr v.

NTSB, 569 F.3d 964, 986 (9th Cir. 2009).  The agency may prove the reasonableness of its search by

the declaration of a responsible agency official.  Id.  However, under FOIA, "federal jurisdiction is

dependant on a showing that an agency has (1) improperly (2) withheld (3) agency records," not on

the reasonableness of the search.  U.S. Dept. of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989)

(quoting Kissinger v. Reporters Comm. for Freedom of the Press, 445 U.S. 136, 150 (1980)).  A

district court may only order the production of agency records, nothing more.  Id.  In Sanders v.

Obama, the plaintiff's FOIA action ultimately requested the court to "determine the truth as to whether

the documents requested actually existed or not, and to determine the authenticity of the disclosed

documents that the [p]laintiff believe[d] are forgeries."  729 F. Supp. 2d 148, 158 (D.D.C. 2010) aff'd

sub nom. Sanders v. U.S. Dept. of Justice, 10-5273, 2011 WL 1769099 (D.C. Cir. Apr. 21, 2011).  The

court found that any judicial inquiry into whether the agency documents were forged was improper

because the "[c]ourt's remedial powers are limited to injunctive relief to remedy the improper

withholding of agency records, [internal citation omitted], not determine the authenticity of the

produced documents . . . ."  Id. at 158.  Thus, once the requested records have been produced, there

is no longer a live case or controversy and the FOIA action becomes moot.  Spencer v. Kemna, 523

U.S. 1, 7 (1998).

To the extent Plaintiff indirectly challenges the reasonableness of the Defendants' document

search by alleging the produced documents are fake, the Defendants have properly responded.  The

court in Lahr held the agency must conduct a good faith, reasonable search for requested documents -

the reasonableness of which may be shown by declaration from a responsible official.  Here, the attorney responsible for matters involving FOIA claims submitted a declaration of assurance that a reasonable search was conducted pursuant to Plaintiff's FOIA request, as well as an explanation for the appearance of the Report.  As noted in <u>Sanders</u>, the Court cannot compel nor engage in any further action regarding the authenticity of the documents because it lacks jurisdiction to make this determination.

The documents requested by Plaintiff have been produced by the CBP, upon referral from the DEA, pursuant to Plaintiff's FOIA request.  The Court cannot provide relief to remedy the improper withholding of documents when the responsive agency records have already been produced.  As such, Plaintiff's claim is moot and the Court lacks subject matter jurisdiction to hear this matter. Furthermore, Plaintiff's motions for an evidentiary hearing and appointment of a handwriting expert are also not within the authority of the Court's remedial powers under the FOIA as they seek to determine authenticity, not compel delivery of improperly withheld agency records.

## **CONCLUSION**

For the foregoing reasons, the Court hereby **GRANTS** Defendants' motion to dismiss for lack of jurisdiction and Plaintiff's FOIA claim is **DISMISSED WITHOUT PREJUDICE**. (Dkt. No. 32.) Plaintiff's FOIA claim is **DISMISSED WITH PREJUDICE** as to Defendant Myrick. Plaintiff's Motions for Evidentiary Hearing and Appointment of Handwriting Expert are **DISMISSED WITHOUT PREJUDICE.** (Dkt. Nos. 35 and 39.)

**IT IS SO ORDERED.**

DATED:  February 25, 2013

HON. GONZALO P. CURIEL
United States District Judge